[No. 10,477.]
## PEOPLE *v.* COLBY.

CONSTITUTIONAL LAW—SUPERIOR COURT—JURISDICTION.—The Superior Court of a county is the successor of the District Court, and has jurisdiction to make an order to carry into execution a judgment of death rendered by the District Court.

APPEAL from an order fixing the day for carrying into execution a judgment of death against the defendant, in the Superior Court of Santa Cruz County. ALEXANDER, J.

The facts are stated in the opinion.

*J. M. Lesser*, and *D. S. Terry*, for Appellant.

*A. L. Hart,* Attorney-General, for Respondent.

In bank, MORRISON, C. J. :

This is an appeal from an order made by the Superior Court in and for the County of Santa Cruz, on the 19th of January, 1880, whereby the said Superior Court fixed a day to carry into execution a certain judgment in the above case, rendered by the late District Court of that county, on the 17th day of June, 1879. It appears from the transcript, that the defendant was, on the said 17th day of June, 1879, convicted of the crime of murder in the District Court of the Twentieth Judicial District, in and for the said County of Santa Cruz, and sentence of death was passed upon him on the 20th of June, 1879. From that judgment defendant appealed to this Court; and on the 18th day of November, 1879, the judgment of the Court below was affirmed, and said Court was ordered to fix a day for carrying the sentence into execution. A petition for rehearing in the cause was duly presented, and, on the 22nd day of December, 1879, the same was denied. On the 19th day of January, 1880, the defendant was brought before the Superior Court in and for the County of Santa Cruz, for sentence; and, being asked if he had any legal reasons to show why the judgment should not be executed, presented the following objections:

" 1st. That the order of the Supreme Court to fix the day for carrying the sentence of death, passed on the defendant by the District Court of the Twentieth Judicial District of the State of California, in and for the County of Santa Cruz, into effect, was directed to the said District Court, and the remittitur was filed in the said Court; and that said Court, and no other, had the power to fix a day for carrying said sentence into execution.

" 2nd. That this Court never acquired jurisdiction in this case, and has none.

" 3rd. That the paper purporting to be an indictment against the defendant is a mere nullity, because it was not found by a grand jury, but by a body of men who usurped the functions of the grand jury without any authority or color of authority.

" 4th. That all of the proceedings based upon said pretended indictment are null and void.

" 5th. That there is no law of this State giving this Court authority to act in this case."

The foregoing objections were overruled by the Superior Court; and that Court having passed sentence of death upon the defendant, he has taken this appeal, and assigns as error the ruling of the Superior Court, overruling his objections.

The third and fourth objections, that the paper purporting to be an indictment against the defendant is a mere nullity, because it was not properly found, were involved in the former appeal, and were passed upon by this Court. They are not, therefore, proper subjects of inquiry at this time. The other objections simply involve the power and authority of the Superior Court of Santa Cruz County, as the successor of the District Court.

Section 1 of art. 6 of the Constitution creates Superior Courts, and § 5 of the same article vests such courts with jurisdiction in criminal cases amounting to felony. Section 3 of art. 22 provides that " all courts now existing, save Justices' and Police Courts, are hereby abolished; and all records, books, papers, and proceedings from such courts as are abolished by this Constitution, shall be transferred on the first day of January, 1880, to the courts provided for in this Constitution; and the courts to which the same are thus transferred shall have the same power and jurisdiction over them as if they had been in the first instance commenced and filed or lodged therein."

We are of opinion that after the first day of January, 1880, the Superior Court of the County of Santa Cruz succeeded to all the powers theretofore vested in the District Court of that county, and that it had full jurisdiction over the case now in hand.

Order affirmed, and remittitur to issue forthwith.

THORNTON, J., ROSS, J., MYRICK, J., and SHARPSTEIN, J., concurred.